IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **TONY RENNETTE HARRINGTON** | **PLAINTIFF** |
| V. | CAUSE NO. 3:21-CV-718-CWR-FKB |
| **SHERIFF BRANDON BUSBY, et al.** | **DEFENDANTS** |

## ORDER

Before the Court is defendants' motion to change venue. Docket No. 24. Plaintiff opposes the motion. Docket No. 25. Upon review, the motion is denied.

**I.     Factual and Procedural History**

Plaintiff Tony Rennette Harrington filed this action on November 5, 2021, alleging that the search of his home and subsequent arrest for an alleged burglary were unlawful. Docket No. 1.

Defendants Choctaw County Sheriff Brandon Busby, former Choctaw County Investigator Justin Livingston, and Attala County Investigator Jimmy Nunn, through counsel, filed the present motion to transfer venue. In it, they claim to all be residents of Choctaw and Attala Counties, Mississippi, which are located within the boundaries of the U.S. District Court for the Northern District of Mississippi. Docket No. 24. Further, they claim that all events that plaintiff was charged with transpired in Choctaw and Attala Counties. *Id.* They admit that they never consulted with pro se plaintiff Harrington, who is incarcerated, to find out if he objects to this transfer. *Id.* He does, and for "obvious reason," he claims. Docket No. 25.

In his response in opposition, plaintiff states that he has suffered "bias and prejudice" in his dealings with the two counties, and that he feels he will be disadvantaged from the venue change. He worries that he will not receive a fair trial elsewhere and wishes to continue in this venue, a "neutral ground." *Id.*

Federal law, as codified at 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When resolving a § 1404 motion, courts should consider the private and public interest factors articulated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). In weighing the public and private interest factors, no single factor is determinative, and the weight given each factor is generally determined on a case-by-case basis. *Id.*

The private interest factors include:

(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.*

The public interest factors are:

(1) the administrative difficulties flowing from the court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.*

Moreover, "the plaintiff is generally entitled to choose the forum," and plaintiff's choice should be "highly esteemed." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

Applying this standard, plaintiff's arguments are well-taken.

Defendants have failed to identify or even address the public and private interests factors that support transferring this case to the Northern District. Instead, they argue that they all reside in the Northern District; that based on their "understanding," "Plaintiff is also from or either resides in the Northern District"; and that the events that gave rise to Harrington's burglary charge took

place in the Northern District. *See* Docket No. 26; *see also* Docket No. 24 ("All events that Plaintiff was charged with transpired in Choctaw and Attala Counties."). Thus, they merely argue that venue is proper in the Northern District. *See* 28 U.S.C. § 1391.

Venue, however, is also proper here. *See id.* First, plaintiff is currently detained at the Lauderdale County Jail, in this District. Prior to his detention, he lived in Philadelphia, Mississippi, also in this District. And though the events that gave rise to Harrington's burglary charge may have occurred in the Northern District, the events that give rise to the present matter, as Harrington alleges, occurred in the Southern District. Specifically, "Livingston searched my home without a warrant and he held me unlawfully." Docket No. 1 at 4. The search at issue occurred at his home in Philadelphia, and Harrington states that he was unlawfully arrested in Neshoba County, also within this District. Docket No. 1 at 4, 5. He also claims that two of his vehicles were seized without a warrant. These alleged acts are at the heart of his claim that his Fourth Amendment rights were violated, and these acts occurred in Neshoba County, which lies in this District.

The Court finds that on balance, the public and private interest factors, and the "interests of justice" favor denying the motion to transfer venue to the Northern District of Mississippi.

The motion to transfer venue to the Northern District of Mississippi, Aberdeen Division is DENIED.

**SO ORDERED**, this the 12th day of May, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE